**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 9 2015

MATTHEW J. DYKMAN
CLERK

Name

John Paul Jones

3707 Big Bend Rd., Albuquerque, NM 87111

Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| John Paul Jones _____, Plaintiff<br>(Full Name)<br><br>v.<br><br>Sylvia Mathews Burwell, Secretary<br>Department of Health and Human<br>Svc.<br>200 Independence Ave<br>Washington, DC _____, Defendant(s) | CASE NO. 15cv 594 SCY/KK<br>(To be supplied by the Clerk)<br><br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C.§1983 |

### A.   JURISDICTION

1)   John Paul Jones _____, is a citizen of New Mexico _____
         (Plaintiff)                                        ( State )
     who presently resides at 3707 Big Bend Rd, Albuquerque, NM 87111 _____
                              (Mailing address or place of confinement)

2)   Defendant Sylvia Mathews Burwell _____ is a citizen of
                (Name of first defendant)
     Washington, DC _____ , and is employed as
            (City, State)
     Health and Human Services, Secretary _____ . At the time the claim(s)
            ( Position and title, if any)
     alleged in this complaint arose, was this defendant acting under color of state law?
     Yes ☐     No ☑     If your answer is "Yes", briefly explain:

3) Defendant _____ is a citizen of

                           (Name of second defendant)

_____ , and is employed as

                (City, State)

_____ ·  At the time the claim(s)

       ( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☐   No ☐   If your answer is "Yes", briefly explain:

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

## B.  NATURE OF THE CASE

1) Briefly state the background of your case.

My right to employment in the Federal government was wrongfully denied me due to illegal age discrimination. The irrefutable proof to this assertion is the sworn testimony of Ms. Carla Boudreau, a senior hiring official at the CDC (Center for Disease Control and Prevention) who stated that no applicant over the age of 60-62 would be hired for a Public Health Advisor position. This testimony occurred in a hearing before the Merit System Protection Board in Denver on May 09, 2013 involving a case of the Agency's violations of my VEOA rights to employment. (Note: there are NO stated reasons for imposing this age limit - such as physical strength). An authorized copy of the transcript is included as an exhibit.

Overall, the issue of my age discrimination case has been before the EEOC for SIX YEARS. On April 10, 2015, in their decision of reconsideration they upheld the Agency, while at the same time completely ignoring the dispositive evidence of Ms. Boudreau's testimony, by which she stated that age discrimination was the POLICY of the agency for Public Health Advisor positions.

## C.   CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

   A)(1)   Count I:

   Age Discrimination is illegal, specifically violating 5 USC Section 2302. It is particularly deplorable when it is the Federal government which is undertaking these unlawful actions for no stated reason

   (2)   Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

   In the EEOC Decision on Reconsideration, dated April 10, 2015, they detailed much of the circumstantial evidence which was heard at the hearing in Atlanta, in September, 2011, but completely OMITTED the dispositive evidence which was submitted on September 30, 2014, in Appellant's "Statement in Support of Appeal," which they are required to review, as part of their de novo review based on Title 29, Section 1614.401

   For the Court's convenience, the dispositive testimony is stated below:

   Mr. Jones: Does the WHO impose any requirements on the candidates due to their race?

   Ms. Boudreau: No.

   Mr. Jones:  Does the WHO impose any requirements on the candidates due to their gender?

   Ms. Boudreau: No.

   Mr. Jones: Does the WHO impose any requirements on the candidates due to their age?

   Ms. Boudreau: Yes. The current mandatory retirement age at the WHO is 60 or 62.

   Mr. Jones:  Does the CDC comply with that requirement?

   Ms. Boudreau:  Yes.

   Mr. Jones:  I have no further questions your Honor.

   Neither the EEOC nor the CDC has ever even attempted to deny, refute, or justify this testimony.

   B)(1)   Count II:

   (2)  Supporting Facts:

C)(1)  Count III:

(2)  Supporting Facts:

D)  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐   No ☐   If your answer is "YES", describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a)  Parties to previous lawsuit.

Plaintiffs: _____

Defendants: _____

b)  Name of court and docket number:

c)  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

d)  Issues raised: _____

XE-2   2/78                   — 4 —

e)   Approximate date of filing lawsuit: _____

f)   Approximate date of disposition: _____

2)   I have previously sought informal or formal relief from the appropriate administrative  officials
     regarding the acts complained of in Part C.  Yes ✔   No ☐   If your answer is "Yes",
     briefly describe how relief was sought and the results.  If your answer is "No," briefly explain
     why administrative relief was not sought.

For SIX YEARS this case, HHSOS00372010 has been before the EEOC, commencing with mediation in 2009. On
September 15, 2014, they admitted they had lost the case for two and a half years "due to clerical error."! (Exhibit 01)
On September 30, Appellant furnished the EEOC the dispositive evidence, the sworn admission that the CDC had a
POLICY of age discrimination concerning Public Health Advisor positions. (Exhibits 02 & 07) This evidence has never
been refuted or justified. On November 14, 2015 the EEOC had the temerity to dismiss the Appellant's complaint as
"untimely filed." (Exhibit 03) On December 02, 2014 Appellant file a Motion to Reconsider of Obvious and Dispositive
Error in Recitation of Facts (Exhibit 04). On April 10, 2015 the EEOC granted Appellant's Motion due to their error,
(again!), but still upheld the Agency by ignoring the dispositive evidence. (Exhibit 05). Finally, Exhibit 06 is the letter
from Dr. Thomas Frieden, the CDC Director to the Appellant, dated, June 29, 2009, stating that he is qualified for
precisely the positions sought, overseas Public Health Advisor positions, DE2-05-3479.

## E.   REQUEST FOR RELIEF

1)   I believe that I am entitled to the following relief:

Under the provisions of 1614.501, which define the Remedy and Relief available, Complainant requests that he be
offered one of the many Public Health Advisor positions overseas that he has applied for, and has been found qualified
for, as indicated by Dr. Thomas Frieden's letter of June 29, 2009, which is Exhibit 06. He is willing to demonstrate
flexibility in terms of the country offered, and would certainly consider working in the country in which the CDC feels
there is the greatest need, and for which Complainant's experience working in the developing world would make him
most suitable. He seeks all back pay to the date of his original complaint in May, 2009, plus two additional years since he
was originally found qualified for overseas Public Health Advisor position based upon his original applications in 2005.
He requests interest on the amount of this pay, under the provision of the Back Pay Act. Furthermore, he requests
reimbursement for all consequential and compensatory damages, which includes attorney's fees, fees associated with the
Court Reporter who recorded depositions taken by Complainant's attorney, travel expense, office expenses, as well as
those of clerical support. He also requests liquidated damages due to the Agency's willful misconduct, since this was

_____          _____
Signature of Attorney (if any)                     Signature of Petitioner

Attorney's full address and telephone
number.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. Sec. 1746.  18 U.S.C. Sec. 1621.

Executed at _____ AlbuQuerQue, NM _____ on _____ July 09 20 15_____
                          (Location)                              (Date)

_____
                          (Signature)

XE-2   2/78                          - 6 -

# <u>Index to the Appendix of Evidence</u>

| Exhibit # | Description |
|---|---|
| 1 | EEOC letter, September 15, 2014, from Mr. Barnhart |
| 2 | Appellant's Statement in Support of Appeal, September 30, 2014 |
| 3 | EEOC Dismissal of Appeal as "untimely", November 14, 2014 |
| 4 | Appellant's Motion to Reconsider, December 02, 2014 |
| 5 | EEOC Decision on Reconsideration, April 10, 2015 |
| 6 | Letter from CDC Director to Appellant, "qualified" for PHA positions, 2009 |
| 7 | CD - Authorized Transcript - Hearing May 09, 2013, before MSPB |

Note: Items highlighted in red on the exhibits were done by the Petitioner for the Court's convenience



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 77960**
**Washington, D.C. 20013**

September 15, 2014

John Paul Jones                    Docket # : 0120142979
3707 Big Bend Rd                   Filed    : 02/02/12
Albuquerque, NM 87111              Agency Number(s): HHSOS00372010

Dear Mr. Jones:

This Commission acknowledges receipt of the above referenced appeal on the date filed. Due to clerical error, the appeal was not docketed until September 11, 2014. Under these circumstances, any statement or brief in support of the appeal must be submitted to the Commission as well as to the agency within 30 days of receipt of the Commission's acknowledgement letter. The Commission will accept statements or briefs in support of an appeal by facsimile transmittal (Fax number 202-663-7022) provided they are no more than ten (10) pages long. You are reminded that it is your responsibility to ensure that the agency receives a copy of any material you submit to this office. You should reference the above docket number in all submissions and correspondence to the Commission. We regret any inconvenience this may have caused.

You will be notified by first class mail as soon as a decision is reached on the appeal. You are responsible for providing the Commission with notice of any change of address. The Commission will terminate the processing of the appeal if you file a civil action, in accordance with 29 CFR 1614.409.

The Commission's appellate regulations are found in Title 29, Code Of Federal Regulations, Part 1614 and at 64 Federal Register 37644 (1999). The regulations are available on the Internet on EEOC's Home Page: WWW.EEOC.gov. You are urged to review these regulations.

If you have questions regarding the processing of the appeal, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the Officer of the Day.

Sincerely,

*Robert J. Barnhart*

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

CC:



**United States of America**
**US Equal Employment Opportunity Commission**

| | | |
|---|---|---|
| John Paul Jones III, | ) | |
| Complainant, | ) | |
| | ) | Agency No. HHS-OS-0037-2010 |
| v. | ) | Docket Number 0120142979 |
| | ) | |
| Sylvia Burwell, Secretary, | ) | |
| Department of Health and | ) | |
| Human Services, | ) | DATE:  September 30, 2014 |
| Agency | ) | |
| | ) | |

## <u>Statement in Support of Appeal</u>

Complainant has received the acknowledgement from Mr. Robert J. Barnhart, Director, Compliance and Control Division, Office of Federal Operations, dated September 15, 2014, that Complainant's original appeal submitted on February 02, 2012 was not docketed until September 11, 2014, "due to clerical error."

During the more than two and a half years this appeal was not properly adjudicated, the Complainant and his family have continued to sustain grievous injury since he was compelled to work full-time, unpaid, fighting for his legal rights, which include those of a combat veteran, to Federal employment.

And a prime reason that his rights as a veteran were and are being violated is *age discrimination.*

In the appeal process, new evidence can be submitted that was not available at the time of the original hearing, which was held in September, 2011, for the court to properly perform a de novo review (Title 29, Section 1614.401). This new evidence was obtained in May, 2013, almost 20 months *after* the original hearing. The *evidence* is *irrefutable proof* of age discrimination, since it is a frank and open admission by a senior CDC hiring authority, Ms. Carla Boudreau, that the Agency will not hire anyone over the age of 60-62 for a Public Health Advisor position, which is precisely the position at bar, and for which the Complainant has been found <u>qualified</u> for.

From the authorized transcript of the MSPB Hearing held in Denver on May 07-09, 2013, the following is the sworn testimony of Ms. Carla Boudreau, in regards to the *age discrimination* practiced in the hiring process for Public Health Advisor positions, including the one that I applied for in the instant case, which is *identical* to the one that Dr. Thomas Frieden, the CDC



Director, indicated that I was qualified for (DE2-05-3479), in his June 29, 2009 letter to me (Exhibit 01).

The testimony can be found on the enclosed CD, in File Folder 20130509 – 8:29 am, and commences at 23:59 and runs to 24:48.

Mr. Jones: *Does the WHO impose any requirements on the candidates due to their race?*

Ms. Boudreau: *No.*

Mr. Jones: *Does the WHO impose any requirements on the candidates due to their gender?*

Ms. Boudreau: *No.*

Mr. Jones: *Does the WHO impose any requirements on the candidates due to their age?*

Ms. Boudreau: *Yes. The current mandatory retirement age at the WHO is 60 or 62.*

Mr. Jones: *Does the CDC comply with that requirement?*

Ms. Boudreau: *Yes.*

Mr. Jones: *I have no further questions your Honor.*


We, as a society, have made significant strides over the last half century in terms of addressing the wrongs of arbitrary discrimination based on irrelevant categories that individuals are placed in that have absolutely no bearing on job performance. Discrimination still does occur, based on a person's race, gender or religion, but it has become much more attenuated over these past 50 years. The vast majority of people know that it is wrong. And there are *consequences* for this wrong-doing, even in the private sector, as Paula Deen and Donald Sterling can attest.

The Federal Agencies should be in the forefront of ensuring that there is no discrimination in their workplaces, yet there remains one form that is acceptable: *age discrimination.* And age is an equally irrelevant criteria for determining job performance, just as race and gender are. It is also **illegal.** But reference to a person's age is routine in the hiring process, whereas references to race, gender, and religion are not.

Consider the sworn testimony of Mr. Sam Taveras, a CDC hiring authority, at the July, 2010 MSPB hearing held in Denver. Mr. Tavaras had interviewed the Complainant in December, 2009, for a Public Health Advisor position for which the Complainant was rated "Best Qualified." At the time of the interview, another hiring authority had already selected an applicant who was rated only "well qualified" and who was a non-veteran, but who had a personal relationship with the hiring authority. Her name is Rebel Jackon.

The testimony can be found on the second enclosed CD, and it is in the only file folder, and commences at 1:14:00 and ends at 1:14:33. Particularly telling is the tone of Mr. Tavaras' voice, as he strongly denies (correctly) asking questions about my ability to work with someone based on their race or gender.

Mr. Jones: *Did you ask if I could work for a black person?*

Mr. Tavaras: *Absolutely not.*

Mr. Jones: *Did you ask if I could work for a woman?*

Mr. Tavaras: *Absolutely not.*

Mr. Jones: *Ok, you are under oath now, did you ask if I could work for someone much younger than I?*

Mr. Tavaras: *I asked if you could work for someone who was younger and less experienced.*

Mr. Jones: *OK*

Mr. Tavaras: *And your answer was if she is competent, if she or he is competent*

Mr. Jones: *Exactly. Thank you. You have a very good memory. I have no further questions your Honor.*

And in terms of the application itself, and the written record which is disseminated to all HR specialists and hiring authorities, <u>the birth date is considered essential information, displayed on the first page</u>. It has been 50 years or more since race and gender were required to be placed on an employment application which is disseminated to all hiring authorities. (Exhibit 02)

After the May, 2013 hearing in which Ms. Boudreau stated that it was the policy of the CDC to *not* hire someone over the age of 60-62 for a Public Health Advisor position, Complainant practiced "due diligence," on a timely basis, in notifying the senior leadership at both the CDC and the EEOC that *age discrimination* was being routinely utilized in the hiring function.

On May 15, 2013, less than a week after Ms. Boudreau's admission, Complainant sent a letter to Ms. Dia Taylor, the Acting Director, Human Capital Resources Management Office, CDC notifying her that the Agency was utilizing Prohibited Personnel Practices, specifically *age discrimination,* which is a violation of 5 USC § 2302(b)(1)(b) (Exhibit 03).

On May 16, 2013, a week after Ms. Boudreau's admission, Complainant sent a letter to Ms. Denise L. Carter, Chief Human Capital Officer, HHS, also notifying her that the CDC was utilizing Prohibited Personnel Practices, specifically *age discrimination,* which is a violation of 5 USC § 2302(b)(1)(b) (Exhibit 04).

On June 10, 2013, since Complainant had received no response from either Ms. Taylor or Ms. Carter, he sent a letter to Ms. Sherri Berger, the Chief Operating Officer, CDC, that the Agency was utilizing Prohibited Personnel Practices, specifically *age discrimination,* which is a violation of 5 USC § 2302(b)(1)(b) (Exhibit 05).

On July 12, 2013, since Complainant had received no response from any of the above three individuals, he notified Ms. Vernell Jordan, Deputy Director, Office of Diversity Management and EEO of the same issue(Exhibit 06).

On July 13, 2013, Complainant also notified Mr. Reginald R. Mebane, Director, Office of Diversity Management and EEO of the same issue. As Complainant indicated in the letter, it is their job, per their mission statement, to: "Our mission is to eradicate employment discrimination..."  And they are to be *proactive* in doing so. It was a simple matter to pick up the phone, and call Ms. Boudreau, and ask her if she had made the above statements under oath (Complainant also volunteered to send them the authorized transcript if she denied it). Once again, there was no action taken (Exhibit 07).

On August 07, 2013, Complainant responded to a letter from Ms. Bernice Kimbrough, Director, Atlanta District Office, EEOC. Once again, no action was taken (Exhibit 08).

On August 09, 2013, Complainant sent a letter to Ms. Berrien, Chair, EEOC in Washington, DC, again stressing the wrongness of the Agency's action, and the irrefutable proof that is available to sustain the charge of systemic age discrimination (Exhibit 09).

On Veterans' Day, November 11, 2013, Complainant sent yet another letter to the EEOC Chair, Ms. Berrien. Once again, no action was taken (Exhibit 10).

On March 30, 2014, Complainant submitted an on-line complaint to the office of Senator Martin Heinrich (the text of this complaint is Exhibit 11).

On July 30, 2014, Complainant again submitted a letter to the office of Senator Martin Heinrich , refuting the contention of Ms. Bernice Williams-Kimbrough, the Director of the Atlanta District Office of the EEOC that had stated that the Complainant had never filed an appeal in the instant case. It was this letter which *finally* led to the docketing of Complainant's timely filed appeal of February 02, 2012 (Exhibit 12).

## Summary of New Evidence and Attempts at Resolution.

Ms. Carla Boudreau has provided *irrefutable proof,* in the form of her sworn testimony, that the CDC routinely practices *age discrimination* against all job applicants, which includes the Complainant. Furthermore, since obtaining this evidence, the Complainant has practiced due diligence in attempting to achieve a positive resolution in the matter of these illegal actions with both the senior leadership of the EEOC as well as the CDC. This leadership has been duly informed of these illegal actions. Their utter failure to address this matter, by undertaking the necessary remedial action, including providing remedy to the Complainant for the serious injury sustained, further underscores the systemic nature of this wrong-doing.

Solely based on this new, ***irrefutable proof,*** of age discrimination, as provided by Ms. Carla Boudreau, the Commission should find for the Complainant, provide appropriate remedy, as well as require the Agency to undertake a serious program of remediation to ensure that the hiring function conforms with the law.

## Summary of the Original Appeal, with four key pieces of evidence.

Based on the above new evidence, which was not available at the time of the original Hearing, Complainant does not believe it is even necessary to review the evidence of the wrong-doing which was submitted on February 02, 2012. Furthermore, as indicated in the cover letter to Mr. Barnhart, it is unclear if the original submittal was found. Therefore the Complainant is resubmitting only the evidence which most proves egregious wrong-doing. The original appeal is Exhibit 13.  As he said on page 13 of that appeal, the testimony and/or actions of four witnesses, Peter Andre, Debra Iiver, Terri Dotson, and Linda Bishop-Milton were flatly dishonest.

Based on news reports, Congressional testimony, and the admission of senior staff at the Veterans Administration, we now know that hundreds, if not thousands of first echelon VA employees were trained to, and did routinely lie to veterans concerning their attempts to obtain needed medical care. I should know, I was routinely lied to by the staff at the VA hospital here in Albuquerque, NM. And if the first echelon staff refused to lie, they were terminated, as various reports indicated, including an excellent article in *The New York Times.*

Of the four witnesses named above, the saddest case was Peter Andre. He is the one who performed an "evaluation" of my application for a Public Health Advisor position, under announcement number HHS-CDC-D1-2010-0085. That application is Exhibit 02. Mr. Andre's evaluation, in the form of an affidavit, is Exhibit 14. Mr. Andre was the one who underlined the portions of my application, as can readily be seen on review, which clearly documented Complainant's qualifying experience, yet in his affidavit he claims that Complainant "mostly" wrote a book. He also failed to note Complainant's military experience, or even that he had ever worked in the health care field (which Complainant had, for 30 years).

During the Hearing, Complainant read section after section from his application, and confirmed with Mr. Andre that he had read them. Eventually Judge Tuggle rolled his eyes at me, indicating I had made my point. So then, I asked Mr. Andre if he still stood by his evaluation, as stated in the affidavit. He lowered his eyes, refused to make eye contact with anyone in the room, and lied under oath: "I do." He was lying to protect his job, his family, and his mortgage, just as so many VA employees were required to lie.

And Judge Tuggle concluded that his testimony was "credible"!

## The Damage that illegal discrimination does to the Agency's Mission

Any form of employment discrimination – that is, the arbitrary elimination of applicants based on an irrelevant criteria – damages the Agency's mission in that it reduces the number of qualified applicants from which to choose. In particular, when the Agency eliminates candidates who have the most experience, when that experience is so desperately needed, the damage is grave indeed.

The Department of Health and Human Services utterly failed to properly implement the Affordable Care Act. The website was never tested under appropriate simulated conditions before it went "live." The failure was mocked by the leadership of both political parties, and Secretary Sebelius eventually resigned over this.

The CDC's response to the earthquake in Haiti in early 2010 has likewise been criticized. Over 7,500 Haitians died, not from the earthquake, but due to cholera, which had *not* existed in Haiti prior to the arrival of foreign aide workers who carried it. Dr. Paul Farmer, then the Chairman of Harvard's School of Tropical Medicine, was one in particular who spoke out against the CDC's failure to address the source of the problem (as documented in Jonathan Katz's excellent book, *The Big Truck that Went By: How the World Came to Save Haiti, and Left Behind a Disaster.*)

And most recently, Dr. Thomas Frieden, the CDC Director, was required to testify before Congress on the mishandling of dangerous substances, such as smallpox and anthrax, in the Agency's Bioterrorism unit. Complainant possesses, and has reviewed the resumes of some of the weakly qualified to totally unqualified individuals who were hired to work both in the Bioterrorism unit, as well as other. *Experienced* candidates are illegally and illogically screened out due to age discrimination.

## Requested resolution.

Under the provisions of 1614.501, which define the Remedy and Relief available, Complainant requests that he be offered one of the many Public Health Advisor positions overseas that he has applied for, and has been found qualified for, as indicated by Dr. Thomas Frieden's letter of June 29, 2009, which is Exhibit 01. He is willing to demonstrate flexibility in terms of the country offered, and would certainly consider working in the country in which the CDC feels there is the greatest need, and for which Complainant's experience working in the developing world would make him most suitable. He seeks all back pay to the date of his original complaint in May, 2009, *plus* two additional years since he was originally found qualified for overseas Public Health Advisor position based upon his original applications in 2005. He requests interest on the amount of this pay, under the provision of the Back Pay Act. Furthermore, he requests reimbursement for all consequential and compensatory damages, which includes attorney's fees, fees associated with the Court Reporter who recorded depositions taken by Complainant's attorney, travel expense, office expenses, as well as those of clerical support.

Complainant requests that liquidated damages be provided due to the Agency's ***willful misconduct,*** since the pattern and practice of ***age discrimination*** was ***known*** to exist in the Applicant selection process by the senior staff at both the CDC, as well as the EEO office at the CDC.

Respectfully submitted,

John P. Jones III,
Complainant

**Certificate of Service**

I hereby certify that I have served one copy of Complainant's Updated Appeal, with Cover Letter and Statement in Support of Appeal, with exhibits, regarding case number HHS-OS-0037-2010 and Docket Number 0120142979 by Fed EX on September 30, 2014 to:

Mr. Robert J. Barnhart, Director,
Compliance and Control Division
Office of Federal Operations (OFO), EEOC
131 M St. NE
Washington, DC 20507

With a copy sent by Fed EX to:

Mr. Reginald R. Mebane, Director
Office of Diversity Management & EEO, CDC
1600 Clifton Rd.
Atlanta, GA 30329-4027

_____                    _____
          Date                                      John Paul Jones III, Complainant
                                                    3707 Big Bend Rd.
                                                    Albuquerque, NM, 87111



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

John  Paul Jones,
Complainant,

v.

Sylvia Mathews Burwell,
Secretary,
Department of Health and Human Services,
Agency.

Appeal No. 0120142979

Hearing No.  410-2010-00417X

Agency No. HHS-OS-0037-2010

DISMISSAL OF APPEAL

Complainant filed an appeal with this Commission from the Agency's December 23, 2011
Final Decision, fully implementing the Administrative Judge's Decision concerning his EEO
complaint of unlawful employment discrimination in violation of the Age Discrimination in
Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.  For the following
reasons, we DISMISS Complainant's appeal as untimely filed.

At the time of events giving rise to this complaint, Complainant was an applicant for
employment at the Agency's Centers for Disease Control facility in Atlanta, Georgia.  On
March 22, 2010, Complainant filed a complaint alleging that the Agency subjected him to
discrimination on the basis of age (over 40 years of age) when:

1.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the
vacancy announcement #HH8-CDC-D1-201 0-0085.

2.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the
vacancy announcement #HH8-CDC-D1-201 0-0017.

3.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the
vacancy announcement #HHS-CDC-D1-2010-0007.

4.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the
vacancy announcement #HHS-CDC-D3-2010-0044.



2                                     0120142979

5.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-D1-2010-0044.

6.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-D2-2010-0057.

7.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-D3-2010-0005.

8.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-D2-2010-0031.

9.      From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-D1-2009-0057.

10.     From December 13, 2009 to January 14, 2010, Complainant was not referred to the vacancy announcement #HHS-CDC-T3-2006-0083.

On September 11, 2014, the Commission docketed Complainant's appeal of the Agency's Final Decision, dated December 23, 2011. Commission records show that on August 29, 2014, the Commission received correspondence related to Complainant's appeal by electronic mail message. That correspondence included a copy of a letter from Complainant addressed to the Agency, sent by facsimile transmission on August 8, 2014. The letter itself bears a date of February 2, 2012, and it notifies the Agency that Complainant appealed the Agency's Decision.[1]

---

[1]  That letter is addressed as follows:

[D1] Director,
EEO Compliance and Operations Division
EEOC
Office of Federal Operations (OFO)
PO Box 77960
Washington, DC 20013

The Commission notes that the first two lines of the letter's address identify the Agency's Director of EEO (D1) in 2012, and identifies the appropriate Agency EEO division. The last four lines of that address belong to the Commission's Office of Federal Operations. The Agency's Director of EEO is employed by the Agency, not by the Commission, and she does not receive mail at the Commission's address.

0120142979

Accompanying Complainant's February 2, 2012 letter is a copy of a U.S. Postal Service (USPS) "receipt" for payment for mailing two parcels of approximately equal weight (1 pound, 12 ounces). The receipt shows that one parcel was mailed via parcel post and another via priority flat rate envelope, with delivery confirmation.  The receipt shows only the zip codes to which the parcels were addressed:  20201 (parcel post) and 20013 (priority flat rate envelope).  Complainant does not include any proof of delivery (the "delivery confirmation") for either parcel with his correspondence.[2]  The record does not confirm the full addresses to which Complainant mailed the parcels and nothing in the record confirms that either party received the mailed parcels.

In his February 2, 2012 letter, Complainant confirms that Complainant received the Agency's Final Decision on January 3, 2012.  A review of the Final Decision reveals that the Agency properly advised Complainant that he had 30 calendar days after receipt of its Decision to file his appeal with the Commission.  We find the USPS "receipt" submitted by Complainant does not adequately show that Complainant timely served the Commission and the Agency as required by Commission regulations.  See 29 C.F.R. § 1614.604(b).  Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal.

## CONCLUSION

Accordingly, Complainant's August 29, 2014 appeal is DISMISSED as untimely filed.  See 29 C.F.R. § 1614.403(c).

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999).  All requests and arguments must be

---

[2] The Agency's record on appeal submitted to the Commission in 2014, does not contain any copy of the notice of appeal letter from February 2, 2012, or any other indicia that the Agency received anything from Complainant in February 2012.

4                                          0120142979

submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013.  In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.  The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  Any supporting documentation must be submitted with your request for reconsideration.   The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security.  See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney with the Court does not extend your time in which to file a civil action.  Both the request and

5                                      0120142979

the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

November 14, 2014
Date

6                                        0120142979

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

John Paul Jones
3707 Big Bend Rd
Albuquerque, NM  87111


Cynthia Richardson-Crooks, Director
EEO Compliance and Operations Division
Department of Health and Human Services
200 Independence Ave., SW Room 306-E
Washington, DC  20201


November 14, 2014
Date

Compliance and Control Division

**United States of America**
**US Equal Employment Opportunity Commission**

| | | |
|---|---|---|
| John Paul Jones III,<br>Complainant,<br><br>v.<br><br>Sylvia Burwell, Secretary,<br>Department of Health and<br>Human Services,<br>Agency | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Agency No. HHS-OS-0037-2010<br>Docket Number 0120142979<br><br><br>DATE:  December 02, 2014 |

## Motion to Reconsider for Obvious and Dispositive Error in Recitation of Facts

The EEOC's "Dismissal of Appeal" as "untimely filed," which was issued on November 14, 2014, was received by the Complainant on **November 16, 2014** at his home address in Albuquerque, NM. Given the Agency's admitted "clerical errors" in delaying the processing of this case for two and a half years, five copies of this motion will be transmitted. Two will be transmitted today, by Fed Ex, and three will be transmitted tomorrow, December 03, 2014, by US Postal Service. All five will be transmitted with delivery confirmation. All five are being transmitted well before the statutory deadline of December 16, 2014, which is 30 calendar days after receipt.

The obvious and dispositive error in recitation of facts is the date the Appellant received the Agency's Final Decision. In the "Dismissal of Appeal" the following erroneous statement was made: "In his February 2, 2012 letter, Complainant confirms that Complainant received the Agency's Final Decision on January 03, 2012." In the Complainant's letter of February 2, 2012, he irrefutably indicted, in bold, and underlined, that the Agency's Final Decision was received on **January 05, 2012.** (He noted that it was mailed on January 03, 2012, and provided a copy of the tracking number.) (The Complainant's copy of the notice of appeal letter of February 2, 2012 was submitted to the Agency in his appeal of September 30, 2014, and is hereby submitted again.)

In addition to the above obvious and dispositive error, footnote 2 on page 3, as well as the first paragraph on page 3 of the "Dismissal of Appeal" directly contradicts the September 15, 2014 letter from Mr. Robert J. Barnhart, Director, Compliance and Control Division, Office of Federal Operations. Mr. Barnhart said the following: "This commission acknowledges receipt of the above referenced appeal on the date filed." (That date, as indicated on the letter,



is February 02, 2012.) He admitted Agency error when he said: "Due to clerical error, the appeal was not docketed until September 11, 2014." He also apologized by regretting any inconvenience. This letter was also part of Complainant's September 30, 2014 filing.

Finally, it should be noted that even if the Complainant received the Agency's decision on the same day it was mailed, January 03, which, as we know is an impossibility, the Complainant's appeal should still have been "deemed timely" since the regulation, § 1614.604 indicates that it is the date *postmarked*. (Note: Per the regulation, January 04 is the first day, and therefore February 2 is the 30th day.) But the impossible did *not* occur, and, as indicated in bold and underlined, the Agency's decision was received on **January 05, 2012.**

Complainant requests that the Agency correct the obvious and dispositive error in the recitation of facts as well as acknowledge that the referenced appeal was received on a timely basis but not docketed until two and a half years later, as the Director, Compliance and Control Division, Office of Federal Operations, Mr. Barnhart confirmed in his September 15, 2014 letter.

It is long past time for the EEOC to provide remedy to the Complainant and his family for the very serious injury sustained due to the acknowledged and illegal policy utilized by the CDC of refusing to hire anyone over the age of 60 for a Public Health Advisor position, as evidenced by the sworn testimony of a senior CDC hiring authority, Ms. Carla Boudreau. This testimony has been provided in the September 30, 2014 filing.


Respectfully submitted,


John P. Jones III,
Complainant


### Certificate of Service


I hereby certify that I have served one copy of Complainant's Motion to Reconsider for Obvious and Dispositive Error in Recitation of Facts, with exhibits, regarding case number HHS-OS-0037-2010 and Docket Number 0120142979 by Fed EX on December 02, 2014 to:

Mr. Carlton M. Hadden, Director,
Office of Federal Operations (OFO), EEOC
131 M St. NE
Washington, DC 20507

With a copy sent by Fed EX to:

Ms. Jenny R. Yang, EEOC Chair
131 M St. NE
Washington, DC 20507

By Priority Postal Service, with tracking, on December 03, 2014, copies are sent to:

Mr. Reginald R. Mebane, Director
Office of Diversity Management & EEO, CDC
1600 Clifton Rd.
Atlanta, GA 30329-4027

Ms. Cynthia Richardson-Crooks, Director
EEO Compliance and Operations Division
Department of Health and Human Services
200 Independence Ave., SW Room 306-E
Washington, DC, 20201

Director, Office of Federal Operations,
Equal Employment Opportunity Commission
PO Box 77960
Washington, DC, 20013


_____          _____
        Date                     John Paul Jones III, Complainant
                                 3707 Big Bend Rd.
                                 Albuquerque, NM, 87111

Enclosures:
1. Dismissal of Appeal, dated November 14, 2014, page 03
2. Letter of Complainant to Ms. Bonita White, dated February 02, 2012
3. Postal Receipt in Albuquerque, NM dated February 02, 2012
4. Copy of Title 29, Section 1614.604
5. Copy of Letter from Mr. Barnhart, dated September 15, 2014

The previous decision noted that Complainant sent correspondence to the Commission dated August 29, 2014, pertaining to his appeal. In that correspondence, Complainant attached a letter dated February 2, 2012, that notified the Agency and Commission that he was appealing the Agency's final order. The correspondence also contained a copy of a U.S. Postal Service (USPS) receipt that reflected that two parcels of mail were delivered to zip codes 20201 and 20013. The zip codes correspond to the addresses of Commission headquarters and the Agency. The previous decision concluded that Complainant confirmed that he received the Agency's final order on January 3, 2012, but the USPS receipt submitted by Complainant did not show Complainant timely served the Commission and Agency of his notice of appeal. Therefore, the Commission dismissed Complainant's appeal as untimely filed.

In his request for reconsideration, Complainant contends that the Commission erred when it dismissed his appeal as untimely filed. Complainant maintains that he received the Agency's final order on January 5, 2012, and filed his appeal on February 2, 2012, which was within the 45-day time limit.

Upon review, we first note that our previous decision erred when it stated that Complainant acknowledged receiving the final order on January 3, 2012. Actually, Complainant acknowledged that he received the final order on January 5, 2012. The record further reveals that Complainant's February 2, 2012, letter constitutes his notice of appeal to the Commission and Agency. Although the delivery confirmation receipt does not contain a specific address, it does reflect that Complainant mailed a parcel of mail to the same zip code as the Commission's address on February 2, 2012.[1] As such, we determine that the totality of the evidence shows that Complainant mailed his notice of appeal to the Commission on February 2, 2012, which is within the 45-day time limit. Therefore, our previous decision clearly erred when it dismissed Complainant's appeal as untimely filed.

Hence, after reconsidering the previous decision and the entire record, the Commission finds that the request meets the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to GRANT the request to reconsider. Consequently, Appeal No. 0120142979 is hereby VACATED.

*Complainant's Complaint*

In light of our finding that Complainant timely appealed the Agency's final decision, we now review the merits of his complaint. Complainant has never been a civil service federal employee. He previously worked as an administrator and vice-president of operations for Nursecare International for a total of seven years. Complainant also worked at a hospital and research center in Saudi Arabia for over 20 years. Additionally, Complainant served in the

---

[1] We note that the 20013 zip code does not pertain to a geographic mail-delivery area; rather, the zip code is associated solely with the post office box mailing address of the Commission's Office of Federal Operations. Accordingly, mail delivered to this zip code can only have been delivered to the Office of Federal Operations.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

John Paul Jones,
Complainant,

v.

Sylvia Mathews Burwell,
Secretary,
Department of Health and Human Services
(Centers for Disease Control and Prevention),
Agency.

Request No. 0520150135

Appeal No. 0120142979

Hearing No. 410-2010-00417X

Agency No. HHS-OS-0037-2010

<u>DECISION ON RECONSIDERATION</u>

Complainant timely requested reconsideration of the decision in <u>John Paul Jones v. Department of Health & Human Services</u>, EEOC Appeal No. 0120142979 (November 14, 2013).  EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that:   (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.  <u>See</u> 29 C.F.R. § 1614.405(c).

*Procedural Background*

On March 22, 2010, Complainant filed an EEO complaint in which he alleged that he was subjected to unlawful age discrimination when the Agency failed to select him for several positions.  After an investigation and hearing, an Equal Employment Opportunity Commission Administrative Judge (AJ) found that Complainant failed to prove that he was subjected to unlawful discrimination.   In a final order dated December 23, 2011, the Agency fully implemented the AJ's decision.  Complainant appealed the matter to the Commission.  In our previous decision dated November 14, 2014, the Commission dismissed Complainant's appeal on the basis that it was untimely filed.



United States Army and served as a combat medical corpsman in Vietnam.   Complainant has a Bachelor's Degree in Physics.

Complainant applied for seven positions with the Agency's Centers for Disease Control (CDC) facility in Atlanta, Georgia.   The Agency determined that Complainant was not qualified for any of the positions.

Complainant thereafter filed a formal EEO complaint in which he alleged that the Agency subjected him to discrimination on the basis of age (64), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., when:

1.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HH8-CDC-D1-2010-0085, GS-13 Health Communications Specialist;

2.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HH8-CDC-D1-2010-0017, GS-12 Health Communications Specialist;

3.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HHS-CDC-D1-2010-0007, GS-13 Health Communications Specialist;

4.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HHS-CDC-D3-2010-0044, GS-13 Health Communications Specialist;

5.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HHS-CDC-D2-2010-0057, GS-13 Health Communications Specialist;

6.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HHS-CDC-D3-2010-0005. GS-13 Public Health Advisor; and

7.  From December 13, 2009 to January 14, 2010, Complainant was not referred for vacancy announcement #HHS-CDC-D2-2010-0031, GS-12 Public Health Advisor.

*The AJ's Decision*

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of his right to request a hearing before an EEOC Administrative Judge (AJ).   Complainant timely requested a hearing.   An EEOC AJ conducted a hearing on September 12, 13, and 14, 2011.

0520150135

In a decision dated September 26, 2011, the AJ concluded that, per hearing testimony, each reviewer viewed Complainant's application as reflecting that he had been an administrator, and deemed his experience as lacking because they did not see certain "buzzwords" or phrases in his application. The AJ concluded that when reviewers saw the word "administrator" on Complainant's application, they read all of his relevant experience thereafter as part of his administrative duties, and after each reviewer concluded that Complainant had never worked primarily as a health communication specialist, public health advisor, or emergency response specialist, that screener disqualified Complainant from consideration.  The AJ concluded that "screeners with no specialized experience in public health, public communications, or emergency response were reviewing dozens of lengthy, often jargon-laden applications with a figurative stopwatch ticking in front of them."  AJ's decision, p. 12.  The AJ stated that, because the entire process of reviewing dozens of applications takes so much time, screeners scanned applications for the information that would allow them to disqualify or qualify candidates.

The AJ further concluded that with regard to claim 5, the evidence strongly suggested that the Agency preselected the 55-year old selectee for the position.  However, the AJ concluded that nothing in the process suggested that the Agency's actions were motivated by age discrimination because there is no evidence that responsible management officials were even aware of Complainant's existence at the time the selectee was laterally transferred into the position.   Consequently, the AJ found that Complainant failed to prove that the Agency subjected him to discrimination because of his age.  On December 23, 2011, the Agency issued a final order that fully implemented the AJ's final decision.

## CONTENTIONS ON APPEAL

On appeal, Complainant argues that he should have been selected for the positions at issue because he has had a highly successful 33-year career in the health care field, which encompasses experience in public health, health communications, and health care administration.  Complainant further contends that he has not been selected for any position although he has applied for over 90 positions with the Agency and is entitled to veterans' preference.  Additionally, Complainant maintains that there is direct evidence of discrimination in this case because applicants must disclose their birthdates on the job applications, and this information is disseminated to hiring authorities.  Complainant also notes that, during an interview for a position that is not the subject of the instant complaint, a selecting official asked him if he could work for a much younger person.  The Agency requests that we affirm its final order.

## STANDARD OF REVIEW

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477 (1951)

(citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. See Pullman-Standard Co. v. Swint, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a de novo standard of review, whether or not a hearing was held. An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. See EEOC Management Directive for 29 C.F.R. Part 1614 (MD-110), Chap. 9, at § VI.B. (Nov. 9, 1999).

## ANALYSIS AND FINDINGS

*Non-Selections*

As an initial matter, we note that Complainant contends that there is direct evidence of discrimination in this case because his birthdate was disclosed on his application. "Direct evidence" is either written or verbal evidence that, on its face, demonstrates bias and is linked to an adverse action. Pomerantz v. Dep't of Veterans Affairs, EEOC Appeal No. 01990534 (Sept. 13, 2002). Where there is direct evidence of discrimination, there is no need to prove a prima facie case or facts from which an inference of discrimination can be drawn. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985). Moreover, where the trier of fact finds that there is direct evidence of discrimination, liability is established. Guidance on Recent Developments in Disparate Treatment Theory, No. 915.002, July 14, 1992, Section III; EEOC Compliance Manual § 604.3, "Proof of Disparate Treatment," at 6-7 (June 1, 2006).

In this case, one human resources official speculated that birthdates are placed on applications so that officials can ensure that male applicants have registered with the Selective Service System. Another official stated that birthdates are placed on applications because such information will need to be input into Agency systems when an applicant is selected for a position. The official further testified that information is obtained because it is the standard format for submitting a resume on the website USAJobs.gov. Hearing Transcript (HT), p. 697. At any rate, the reviewing officials testified that they were either unaware that applicants' birthdates were on the application packages or did not consider that information relevant to their decisions. Upon review, it is clear that the birthdates are placed on the applications through a standard internet format. As such, we do not find that the inclusion of birthdates on applications submitted through USAJobs constitutes direct evidence of age discrimination in this case.

In order to prevail in a disparate treatment claim wherein there is no direct evidence of discrimination, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Complainant must initially establish a prima facie case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Construction Co. v. Waters, 438 U.S. 567, 576 (1978). Proof of a prima facie case will vary depending on the facts of the particular case. McDonnell Douglas, 411 U.S. at 802

n. 13.   The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is pretextual.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993).

In this case, we assume for purposes of analysis, without so finding, that Complainant established a prima facie case of age discrimination for each non-selection.  Nevertheless, we find that the Agency provided legitimate, non-discriminatory reasons for its actions.  Specifically, regarding claim 1, a Human Resources Specialist (HR1) who evaluated Complainant's application testified that, in order to qualify for this position, an applicant had to possess at least one year of specialized experience at the GS-12 level that reflected that he or she had particular knowledge, skills, and abilities to successfully perform the duties of the position, including experience in performing as a project officer; providing technical and programmatic advice in planning and development; and implementing and evaluating state and local, territorial, and international public health programs.   HR1 stated that this position requires the ability to serve as a public health advisor by providing consultation services to difficult programs and projects that have unusually demanding social, economic, cultural, political conditions.

HR1 further testified that Complainant did not qualify for this position because his application did not reflect that he met the requirement of one year of specialized experience at the GS-12 level.  HR1 testified that Complainant's application did not identify any substantial state or local public health organizations for which he provided services.  The official further testified that, although Complainant stated that he was Vice President of a Operations for a Nursecare facility, the application did not reveal whether he operated in the role as a public health advisor/analyst, or in an administrative capacity.   The official stated that the title "Vice President of Operations" indicated that it was an "administrative position."

Regarding claim 2, the Human Resources Specialist (HR2) who reviewed applications for this position testified that GS-12 Health Communications Specialists must serve as a health communications and marketing content expert and advisor and are responsible for planning, implementing, and evaluating public health communications and marketing programs.  HR2 further testified that, in order to qualify for this position, an applicant must be at least at the GS-11 level and have specialized experience developing, implementing, and evaluating health communication in order to inform the public of health programs.   HR2 stated that he determined that Complainant did not meet the qualifying specialized experience requirements for the job based on his entire application package.   HR2 also testified that Complainant's experience designing and editing an electronic medical newsletter for three years and designing a CD-ROM on health programs for an international health conference did not meet the qualification standards because it did not substantively involve marketing health programs and campaign.

7                                                          0520150135

Regarding claim 3, a Human Resources Specialist (HR3) testified that a GS-13 Health Communications Specialist serves as a health communications and marketing expert and advisor responsible for planning, implementing, and evaluating public health programs. HR3 stated that the specialized experience necessary to qualify for the position includes experience in utilizing communication science and marketing techniques in planning, implementing, managing, evaluating public health communications, and marketing programs and strategies. HR3 stated that she determined that Complainant was not qualified for the position because his application indicated that he lacked the required specialized experience.

With respect to claim 4, a Human Resources Specialist (HR4) testified that she determined that Complainant was not qualified for this GS-13 Health Communications Specialist position because he lacked the requisite specialized experience.  HR4 further testified that the specialized experience for this position required experience in planning, implementing, managing, and evaluating public health communications programs and that, in her mind, Complainant's experience writing a newsletter or producing a CD-ROM did not meet that requirement.  She stated that writing a newsletter and producing a CD-ROM are not equivalent to implementing a program, planning, or evaluating a health communications program.

Regarding claim 5, a Human Resources official (HR5) testified that Complainant was not selected for this position because the Agency decided to laterally transfer an internal GS-13 employee into the position instead of hiring externally.  Human Resources officials further testified that the internal selectee for this position was chosen because he helped develop the Agency's communication messages for immunization both within and outside the Agency, and because he had prior experience within the National Center for Immunization and Respiratory Diseases (NCIRD).

Regarding claim 6, the Human Resources Specialist (HR3) stated that she determined that Complainant was not qualified for the position because his application indicated that he lacked specialized experience for the position.  She noted that the Agency uses Qualification and Classification Standards in assessing applications.[2]

Regarding claim 7, the Human Resources Specialist (HR7) testified that GS-12 Public Health Advisors serve as senior public health advisors and provide consultative and technical assistance to sated and local grantees in a wide range of public health activities with the Childhood Lead Poisoning Prevention Program.  HR7 testified that, in order to be qualified for this position, applicants must demonstrate specialized experience providing consultative and technical assistance in the development of procedures, methods, and strategy for public health programs.  HR7 further testified that she rated Complainant unqualified for the position because his application did not reflect that he had the specialized experience for the position.

---

[2] The record reflects that by the time this case went to hearing, HR3 was no longer employed by the Agency and could not be located to give testimony.  Accordingly, we refer to her sworn statement given during the investigation of the complaint, found at Exhibit 14 of the Report of Investigation.

8                                                          0520150135

In an attempt to prove that the Agency's explanations are pretextual, Complainant contends that a selecting official for a vacancy announcement that is not at issue in this case asked him if he could work with and for younger people during a job interview. However, Complainant has not shown that that particular selecting official had any influence on the non-selections in this case. Complainant further contends that the Agency engaged in prohibited personnel practices when it failed to properly credit him with veterans' preference. However, our review is limited to whether the Agency engaged in unlawful discrimination in this case; alleged prohibited personnel practices (PPPs) are outside of our purview.

The AJ concluded that HR officials gave "honest testimony" about their reasons for not finding Complainant qualified for the positions at issue. The AJ concluded that HR officials looked for specific "buzzwords" and phrases on applications and lacked the in-depth experience and knowledge necessary to recognize the relevance of Complainant's extensive and multi-faceted experience. The AJ found that the HR officials' actions were not attributable to age discrimination.

We note that Complainant has impressive experience in the military, private sector, and abroad. However, we are persuaded that HR officials legitimately had considerable difficulty determining how Complainant's non-federal government experience translated to the pertinent federal sector positions. This was compounded by the fact that the HR officials involved in this case were not public health professionals. Under these circumstances, we do not find that the HR officials' determinations were so unreasonable that they constitute evidence of age discrimination. Moreover, Complainant has not otherwise shown that the Agency's non-discriminatory explanations are pretext for unlawful discrimination. Accordingly, we find that the AJ's finding that unlawful employment discrimination was not proven by a preponderance of the evidence is supported by substantial evidence of record.

## CONCLUSION

After reconsidering the previous decision and the entire record, the Commission finds that complainant's request meets the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to GRANT the request. The decision of the Commission in Appeal No. 0120142979 is VACATED. The Agency's final order is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

0520150135

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and

10                                    0520150135

the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

___APR 1 0 2015___
Date

11                                          0520150135

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.   I certify that this decision was mailed to the following recipients on the date below:

John Paul Jones
3707 Big Bend Rd
Albuquerque, NM  87111

Cynthia Richardson-Crooks, Director
EEO Compliance and Operations Division
Department of Health and Human Services
200 Independence Ave., SW Room 306-E
Washington, DC  20201


___APR 1 0 2015___
Date


Compliance and Control Division



DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta GA 30333

Mr. John Paul Jones
3707 Big Bend Road
Albuquerque, New Mexico  87111

JUN  29  2009

Dear Mr. Jones:

Thank you for your words of congratulations regarding my appointment as Director, Centers for
Disease Control and Prevention (CDC), and for your inquiry regarding employment applications you
submitted to CDC.

Please be advised that vacancy announcement numbers DE2-05-3479, MP2-05-3394, and HHS-
CDC-T3-0183 were issued in 2005 and 2006 and the associated case files are no longer available.
However, our limited electronic records show the following information, which we hope will assist
you in understanding the rating determination of your applications.

- Announcement Number DE2-05-3479—Your application was deemed to be qualified and
  your name was referred to the selecting official for consideration.  The selecting official for
  this vacancy decided not to make a selection at that time and returned the certificate to the
  Human Resources office unused.

- Announcement Number MP2-05-3394—Your application was determined to be ineligible for
  the position due to submission of incomplete supporting documentation.

- Announcement Number HHS-CDC-T3-2006-0183—Our records indicate that your resume
  did not reflect the necessary specialized experience as required by the vacancy
  announcement. The position required applicants to demonstrate specialized experience in
  providing public health advice and assistance on HIV/AIDS or other infectious disease
  prevention program activities, as well as in providing guidance and direction to organization
  staff.  This position also required applicants to demonstrate specialized
  experience in project management.  This experience must be supported in the submitted
  resume as well as in responses to the on-line assessment.

We appreciate your interest in employment with CDC and hope you continue to apply for available
vacancies.

Sincerely,

Thomas R. Frieden, M.D., M.P.H.
Director, CDC, and
Administrator, Agency for Toxic
Substances and Disease Registry



John Paul Jones
3707 Big Bend Road
Albuquerque, New Mexico 87111
(505) – 823-2015
abutaza@gmail.com
July 09, 2015

Mr. Matthew J. Dykman, Clerk
United States District Court for New Mexico
Pete V. Domenici United States Courthouse
333 Lomas Blvd. NW, Suite 270
Albuquerque, NM 87102-9843

RE: **Appeal of EEOC decision**
**0520150135  / 0120142979**

Dear Mr. Dykman:

I am appealing the Decision of Reconsideration of the EEOC, in case HHS-OS-0037-2010, which was dated April 10, 2011, and was received by me in Albuquerque, by routine postal service, on April 14, 2015 (this is enclosed as Exhibit 05). Since I have 90 days from date of receipt to appeal, this appeal should be deemed timely.

Enclosed is the completed and signed "Civil Rights Complaint" , from the Pro Se guide, the Notification form, and six exhibits in paper form, and one exhibit which is a CD ROM, and is the official transcript of the hearing before the Merit System Protection Board on May 09, 2013, in Denver.

I have carefully read the Pro Se Guide, and have made an effort to ensure that this filing fully conforms with the Court's requirements. Nonetheless, I am not an experience attorney before the Court, and if this filing is deficient in any way, please contact me, by phone or email, and I will promptly remediate the deficiencies.

Respectfully submitted,

John P. Jones, II