IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

    Plaintiff,

vs.                                                      No. 15-CV-594 JAP/LF

SYLVIA MATHEWS BURWELL,
*Secretary*, *Department of Health and Human Services*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

In Plaintiff John Paul Jones's MOTION FOR DEFAULT JUDGMENT (Doc. No. 6) and MOTION FOR DEFAULT JUDGMENT AND SCHEDULED HEARING (Doc. No. 9), Plaintiff asks the Court to enter default judgment against Defendant Sylvia Mathews Burwell, the Secretary of the Department of Health and Human Services ("HHS"), on Plaintiff's claim that HHS has a policy of age discrimination. Because both motions were filed prematurely, before Plaintiff properly served Defendant and before Defendant's deadline for filing an answer had passed, the Court will deny the motions.

**Background**

On July 9, 2015, pro se Plaintiff instituted this lawsuit by filing a complaint against Defendant Syliva Mathews Burwell in her role as Secretary of the HHS. *See* CIVIL RIGHTS COMPLAINT (Doc. No. 1). The following day, Plaintiff mailed a copy of the summons to the Washington, D.C. address for HHS. Plaintiff received a return receipt signed by "E. Harris." When two months passed and Defendant had not yet filed an answer to the complaint, Plaintiff filed his first motion for default judgment. *See* MOTION FOR DEFAULT JUDGMENT (Doc.

1

No. 6). On October 9, 2015, Defendant filed a response opposing Plaintiff's motion. *See* RESPONSE TO MOTION FOR DEFAULT JUDGMENT (Doc. No. 8). In this response, Defendant argued that Plaintiff's motion should be denied for two reasons: (1) Plaintiff had not properly served Defendant and (2) Plaintiff had not obtained an entry of default from the Clerk's office prior to moving for default judgment as Federal Rule of Civil Procedure 55 requires. In regard to the first argument, Defendant explained that because she is an officer of the United States, Plaintiff needed to serve both the United States Attorney for the District of New Mexico and the Attorney General in accordance with Federal Rule of Civil Procedure 4. *Id.* at 1.

After reading Defendant's response, Plaintiff filed an updated MOTION FOR DEFAULT JUDGMENT AND SCHEDULED HEARING (Doc. No. 9), in which Plaintiff reiterated his position that Defendant's response was past due and a default judgment was warranted. Plaintiff responded to Defendant's argument that service was not valid as follows:

> In acknowledgment of the October 09, 2015 filing by the US Attorney, the Appellant has now provided copies of the summons to the US Attorney's office in New Mexico, as well as the US Attorney General in Washington, DC. Copies of both transmittal letters are attached as exhibits. The former was sent by certified mail, the latter by FedEx.

*Id.* at 1. Defendant then filed a RESPONSE TO "MOTION FOR DEFAULT JUDGMENT AND SCHEDULED HEARING" (DOC. 9) (Doc. No. 13) once again arguing that Plaintiff's request for default judgment was premature. Defendant acknowledged that Plaintiff may have cured the defect in service by mailing the summons to the United States Attorney for the District of New Mexico and the Attorney General. Defendant noted, however, that it still had 60 days from the date of service on the United States Attorney – October 19, 2015 – to file its answer. *Id.* at 1.

On October 28, 2015, Plaintiff filed a reply brief expressing frustration with Defendant's continued failure to answer the complaint. *See* PETITIONER'S RESPONSE TO THE

AGENCY'S FILING OF OCTOBER 26, 2015 (Doc. No. 14). In this filing, Plaintiff indicated that he was confused about the service requirements:

> In terms of proving service has been provided, Petitioner seeks the Court's clarification on the precise requirements since they seem to vary from Court to Court. Petitioner's understanding is that once the case is within the electronic system, that Pacer itself is the service vehicle to the concerned parties and that no additional service is needed. If that is incorrect, the Petitioner requests clarification and additional instructions.

*Id.* at 2-3. Plaintiff also communicated his belief that a pretrial conference might "bring this matter to [a] much desired positive resolution." *Id.* at 3.

## Analysis

Before a court may enter a default judgment against a defendant, the plaintiff must effectuate valid service of process on this defendant. *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014) (when service is defective the clerk should decline entry of a default) (citing *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 802 (10th Cir. 2008)). Federal Rule of Civil Procedure 4(i) sets forth the procedures for serving the United States and its agencies, corporations, officers, or employees. Given Plaintiff's request for clarification about the service requirements, the Court will quote the relevant part of Rule 4(*i*):

> (1) *United States*. To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> >
> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

>    (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
>    (3) *Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Because Plaintiff appears to be suing Defendant, a United States officer, in her official capacity, he must serve her in accordance with subsection (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. In other words, <u>Pacer will not automatically serve Defendant</u>. Plaintiff must take the initiative to serve Defendant by (1) sending Defendant the summons and the complaint through registered or certified mail and (2) serving the United States as described in subsection (1). To serve the United States under this subsection, Plaintiff must first send the summons and the complaint to the Attorney General of the United States through registered or certified mail and second provide the summons and complaint to the United States Attorney for the District of New Mexico through either personal delivery or registered or certified mail to the civil-process clerk. To summarize, to complete proper service on Defendant, Plaintiff needs to provide the summons and the complaint to three separate parties: (1) Defendant, (2) the United States Attorney General, and (3) the United States Attorney for the District of New Mexico. Once this process is complete, Federal Rule of Civil Procedure 4(*l*) requires Plaintiff to file an affidavit with the court explaining how he served Defendant.

      Here, Plaintiff filed both of his motions for default judgment before receiving delivery receipts indicating that the United States Attorney General and the United States Attorney for the District of New Mexico had received copies of the complaint and summons. Thus, both motions

are premature and will be denied for that reason. The Court notes that Plaintiff's filings indicate that he may have completed service on Defendant in mid-October 2015. Assuming this is true, Defendant's answer will be due in mid-December. *See* FED. R. CIV. P. 12 ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."). If Plaintiff has, in fact, properly served Defendant and Defendant fails to answer timely, Plaintiff may renew his motion for entry of default at the appropriate time.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's MOTION FOR DEFAULT JUDGMENT (Doc. No. 6) and MOTION FOR DEFAULT JUDGMENT AND SCHEDULED HEARING (Doc. No. 9) are denied as premature.

2. By November 20, 2015, Plaintiff must file an affidavit with the Court, as Federal Rule of Civil Procedure 4(*l*) requires, proving that service on Defendant is complete.

_____
SENIOR UNITED STATES DISTRICT JUDGE