**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**JOHN PAUL JONES,**

**Plaintiff,**

**vs.** **No. 15 CV 594 JAP/LF**

**SYLVIA MATTHEWS BURWELL**
**Secretary, Department of Health and Human Services,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

On August 4, 2016, Plaintiff John Paul Jones (Plaintiff) and Defendant Secretary of the Department of Health and Human Services (HHS) filed cross-motions for summary judgment on Plaintiff's claims of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA). *See* DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM (Doc. No. 52) (HHS Motion); PETITIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 53) (Plaintiff's Motion). Plaintiff filed a response on August 19, 2016. *See* PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 57) (Plaintiff's Response). HHS filed its response on August 22, 2016. *See* RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 58) (HHS Response). Plaintiff replied on August 23, 2016. *See* PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE, DATED AUGUST 22, 2016, TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 59) (Plaintiff's Reply). HHS replied on September 6, 2016. *See* REPLY TO PLAINTIFF'S RESPONSE TO MOTION

FOR SUMMARY JUDGMENT (Doc. No. 63) (HHS Reply).[1] Because Plaintiff has failed to present a prima facie case of age discrimination and has not proven that the legitimate reasons HHS provided for its actions were pretextual, the Court will deny Plaintiff's Motion and will grant summary judgment in favor of HHS.

## I. BACKGROUND[2]

In 2009, HHS advertised vacancies for seven positions with the Centers for Disease Control and Prevention (CDC). HHS Mot. Statement of Undisputed Material Facts (UMF) ¶ 1; CIVIL RIGHTS COMPLAINT[3] (Doc. No. 1) (Complaint) at 27. All seven of these positions were based in the United States. HHS Mot. Ex. A Jones Depo. 96:9–13. Three vacancies were for Public Health Advisors and four were for Health Communications Specialists. HHS Mot. Ex. B-1, Ex. C-1, Ex. D-1, Ex. E-1, Ex. E-2, Ex. F-1, Ex. G-1. The advertised positions were at the GS-12 or GS-13 level, and the required qualifications for each included one year of specialized work experience demonstrating skills directly relevant to the advertised duties and responsibilities equivalent to the preceding GS-11 or GS-12 level. HHS Mot. Ex. B-1, Ex. C-1, Ex. D-1, Ex. E-1, Ex. E-2, Ex. F-1, Ex. G-1.

---

[1] On September 7, 2016, Plaintiff filed a MOTION TO EXCLUDE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FROM THE RECORD AS UNTIMELY FILED AND REQUEST FOR CONFERENCE (Doc. No. 65) (Plaintiff's Motion to Exclude), to which HHS responded on September 16, 2016, *see* RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Doc. No. 67). Plaintiff's calculation that the HHS Reply was untimely did not account for the extension of the filing deadline to the next business day under Fed. R. Civ. P. 6(a)(1)(C) when the filing period ends on a weekend or holiday, nor for the three extra days allowed under Fed. R. Civ. P. 6(d). The Court will deny Plaintiff's Motion to Exclude because the HHS Reply was timely filed.

[2] The facts listed are undisputed unless otherwise noted.

[3] The Complaint consists of a form civil rights complaint filed with attached documents consisting of 1) the EEOC letter acknowledging receipt of Plaintiff's appeal; 2) Plaintiff's Statement in support of his appeal filed with the EEOC; 3) the EEOC's dismissal of his appeal as untimely; 4) Plaintiff's motion to reconsider; 5) the EEOC's grant of that motion and decision on the merits upon reconsideration; and 6) a letter reciting that Plaintiff was deemed qualified for a position advertised in 2005. A CD transcript of a 2013 Merit System Protection Board hearing was also included with the filing. No exhibits were attached to Plaintiff's Motion for Summary Judgment; he instead referred back to those included with his Complaint.

The three advertised Public Health Advisor positions variously required specialized experience "performing as a Project Officer providing technical and programmatic advice in the planning, development, implementation, and evaluation of state, local, territorial and international public health programs," HHS Mot. Ex. B-1; "providing technical advice and assistance in the implementation and evaluation of a state, local or federal public health program related to STD/HIV programs or other related infectious diseases," HHS Mot. Ex. E-1; or "providing consultative and technical assistance in the development of procedures, methods and strategies for public health programs," HHS Mot. Ex. G-1. The Health Communications Specialists were required to have specialized experience in "developing, implementing, and evaluating health communication and marketing programs and strategies to inform the public and other audiences of public health programs," HHS Mot. Ex. D-1; "utilizing communication science and marketing techniques in planning, implementing, managing and evaluating public health communication and marketing programs and strategies," HHS Mot. Ex. E-2, Ex. F-1; or "experience in the planning, implementing, managing, and evaluation of health communications and the marketing of public health programs," HHS Mot. Ex. C-1.

Plaintiff, who was sixty-four years old at the time, submitted an online application for each of these seven positions that included essentially the same resume. HHS Mot. Ex. A Jones Depo. 99:1–100:24; Compl. at 27. HR Specialists reviewed his application for each of the seven positions, and each independently concluded that Plaintiff was not a qualified applicant because he lacked the required one year of specialized experience. HHS Mot. Ex. B Andre Decl. ¶ 8; Ex. C Martin Decl. ¶¶ 8–9; Ex. D Poe Decl. ¶¶ 8–9; Ex. E Ford Decl. ¶¶ 8–10, 18–19; Ex. F Wright Decl. ¶¶ 10–11; Ex. G Williams Decl. ¶¶ 9–10. Applications for one vacancy received a second

quality review to ensure that no qualified applicant was overlooked, which confirmed the initial decision that Plaintiff was not qualified. HHS Mot. Ex. C Martin Decl. ¶ 16.

Plaintiff has extensive experience in healthcare-related positions, including service in the United States Army as a medical corpsman, seven years as an administrator and vice-president of operations at Nursecare International, and over twenty years' employment as a Senior Management Consultant and a Senior Advisor at King Faisal Specialist Hospital Research Center in Saudi Arabia. HHS Mot. Ex. B Andre Decl. ¶ 8; Compl. at 25, 27. But despite Plaintiff's experience in the healthcare field, each HR Specialist interpreted Plaintiff's description of his previous duties as largely administrative and not including the specialized experience specifically relating to the duties of the advertised positions. HHS Mot. Ex. B Andre Decl. ¶ 8; Ex. C Martin Decl. ¶¶ 8–9; Ex. D Poe Decl. ¶¶ 8–9; Ex. E Ford Decl. ¶¶ 8–10, 18–19; Ex. F Wright Decl. ¶¶ 10–11; Ex. G Williams Decl. ¶¶ 9–10; Compl. at 28, 30–31. Plaintiff's name was not forwarded to the selecting official for further consideration for any of the seven positions. HHS Mot. Ex. A Jones Depo. 44:6–19.

Plaintiff filed a formal complaint of employment discrimination with HHS alleging that his nonreferral was due to age discrimination. HHS Mot. Ex. A Jones Depo. 6:12–17, 44:1–23. After an investigation and a hearing before an Administrative Law Judge, HHS issued its final decision finding no discrimination. UMF ¶¶52–56; HHS Mot. Ex. A Jones Depo. 27:7–24, 44:17–23, 47:2–20, 48:12–16; Compl. at 27–28, 32. Plaintiff appealed the final decision to the EEOC, which affirmed HHS. UMF ¶¶57–60; Compl. at 32. Plaintiff then filed this lawsuit. Compl. at 1. It is undisputed that Plaintiff has exhausted his administrative remedies and his claim is properly before the Court. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317

(10th Cir. 2005) (the ADEA requires a claimant to exhaust administrative remedies before filing suit).

## II. DISCUSSION

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But it is not the function of the court to serve as a pro se litigant's attorney in constructing arguments and searching the record. *Id.*

When both parties move for summary judgment, the court must analyze each motion individually and on its own merits. *See Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (explaining that "[c]ross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). Cross-motions for summary judgment entitle the Court "to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000). "Where the facts are not in dispute . . . , summary disposition is appropriate." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007).

### A. Prima Facie Case of Age Discrimination

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). For Plaintiff to survive summary judgment on his discrimination claim, he

must come forth with either direct evidence of HHS' discriminatory intent or circumstantial evidence of intentional discrimination. *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Plaintiff contends that the testimony of HHS Deputy Chief Carla Boudreau provides direct evidence that HHS has a policy of age discrimination. Plaintiff's Mot. at 1–2. Ms. Boudreau testified in 2013 before the Merit Systems Protection Board regarding Plaintiff's allegations that his veteran's preference rights had been violated in the application process for two positions not at issue in this case. RESPONSE TO MOTION CHARGING EGREGIOUS RULE 30 VIOLATIONS (Doc. No. 55), Ex. 3 Boudreau Decl. ¶ 2. Plaintiff had applied for two overseas CDC positions that were also part of the World Health Organization (WHO). *Id.* ¶ 5. Ms. Boudreau testified that applicants for WHO positions within the CDC are required to meet both CDC and WHO eligibility guidelines and are subject to all WHO policies, including a mandatory retirement age of 62. *Id.* Since the WHO guidelines do not apply to CDC positions in the United States, *id.* ¶ 6, Ms. Boudreau's testimony is not direct evidence of HHS's discrimination in this case. Therefore, the Court will analyze Plaintiff's claims using the *McDonnell Douglas* burden-shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Jones*, 617 F.3d at 1278.

Under this framework, the plaintiff must first present evidence of a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. A prima facie case of discriminatory failure to hire requires a plaintiff to demonstrate that: (1) the plaintiff belongs to a protected class; (2) the plaintiff applied for and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, the plaintiff was rejected; and (4) after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir.

2005). Only after the plaintiff has established a prima facie case does the burden shift to the employer to articulate a legitimate, nondiscriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant carries that burden, the plaintiff must then prove by a preponderance of the evidence that the nondiscriminatory reasons offered by the defendant were pretextual. *Id.* at 804.

There is no dispute that Plaintiff was a member of a protected class under the ADEA, but HHS maintains that Plaintiff was not qualified for any of the positions to which he applied because he did not possess the required one year of specialized experience. HHS Mot. at 12. Additionally, HHS asserts that it decided not to fill one of the vacancies, so Plaintiff cannot prove the fourth element of his prima facie case regarding that position. HHS Mot. at 16. In support of its arguments, HHS presented job descriptions for each vacancy at issue and declarations from each HR specialist as to why Plaintiff was not considered to be a qualified applicant. *See* HHS Mot. Ex. B, Ex. C, Ex. D, Ex. E, Ex. F, Ex. G. Each HR Specialist additionally stated that Plaintiff's age was not a consideration in their decision. *See* HHS Mot. Ex. B Andre Decl. ¶ 9; Ex. C Martin Decl. ¶ 10; Ex. D Poe Decl. ¶ 10; Ex. E Ford Decl. ¶¶ 11, 19; Ex. F Wright Decl. ¶ 13; Ex. G Williams Decl. ¶ 11. Based on this evidence, HHS argues that Plaintiff has failed to show that he was qualified for the positions to which he applied and has therefore failed to establish a prima facie case of age discrimination.

Plaintiff does not respond to these arguments beyond asserting that "at least one, and almost certainly more than one" of the HR Specialists are not credible. Plaintiff's Resp. at 4. He implies that the determinations that he was not qualified were incorrect, but fails to present any

evidence that he had the requisite one year of specialized experience. Plaintiff's Motion[4] relied solely on 1) the testimony of Ms. Boudreau regarding overseas CDC positions that were subject to different eligibility requirements than the positions at issue in this case; 2) a letter referring to another unrelated position advertised in 2005 for which he had been deemed qualified; and 3) his assertions that the HR Specialists lacked credibility. Plaintiff's Mot. at 1–3. The Court therefore finds that the evidence presented by HHS is unchallenged. Plaintiff has not met his burden to show that he was qualified for the positions, so has failed to present a prima facie case as required to survive summary judgment.

**B. Legitimate Reasons for Failure to Hire and Pretext**

Even if Plaintiff had presented a prima facie case of discriminatory failure to hire, HHS has met its burden to show nondiscriminatory reasons that Plaintiff was not hired. The evidence shows that HR Specialists concluded that Plaintiff had not met the requirement for one year of specialized work experience relevant to each position for which he applied. HHS Mot. Ex. B Andre Decl. ¶ 8; Ex. C Martin Decl. ¶¶ 8–9; Ex. D Poe Decl. ¶¶ 8–9; Ex. E Ford Decl. ¶¶ 8–10, 18–19; Ex. F Wright Decl. ¶¶ 10–11; Ex. G Williams Decl. ¶¶ 9–10; Compl. at 28, 30–31. Even if the Court were to assume that these conclusions were incorrect and that Plaintiff was in fact a qualified individual, the "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez,* 382 F.3d 1064, 1076 (10th Cir. 2004). Since HHS has shown that it had legitimate reasons for not hiring Plaintiff, it is Plaintiff's burden to come forward with evidence showing that the HR Specialists' incorrect conclusions were a

[4] Plaintiff asserted in his Reply that his Motion should be deemed unopposed because the HHS Response was untimely, but he did not account for the three days added to the filing period under Fed. R. Civ. P. 6(d). The Court finds that the HHS Response was timely filed.

pretext for discrimination based on Plaintiff's age rather than an honest but erroneous assessment of his qualifications.

Plaintiff may prove pretext by presenting evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006) (internal quotation marks omitted). But Plaintiff has presented no evidence that the HR Specialists' disqualification of Plaintiff was based on anything other than their interpretation of his credentials. "Mere conjecture that the employer's explanation is pretext is insufficient to defeat summary judgment." *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1225 (10th Cir. 2007) (internal quotation marks omitted). Plaintiff has therefore failed to meet his burden to show that HHS's reasons for not hiring him were a pretext for age discrimination.

IT IS ORDERED that:

1) Plaintiff's MOTION TO EXCLUDE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FROM THE RECORD AS UNTIMELY FILED AND REQUEST FOR CONFERENCE (Doc. No. 65) is denied,

2) PETITIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 53) is denied, and

3) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM (Doc. No. 52) is granted.

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE