IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

       Plaintiff,

    vs.                                          1:15cv00594-JAP-LF

SYLVIA MATTHEWS BURWELL,
Secretary, Department of Health
and Human Services,

       Defendant.

**ORDER DENYING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND SANCTIONS**

THIS MATTER comes before the Court on pro se plaintiff John Paul Jones III's Motion

Charging Egregious Rule 30 Violations during Deposition Process and Request for Court

Protection and Sanctions (Doc. 48), filed July 15, 2016, and fully briefed August 23, 2016 (Doc.

61). Having reviewed the parties' submissions and the relevant law, the Court finds that the time

to object to defense counsel's conduct during the deposition has passed, and Mr. Jones' request

for a protective order is denied as moot. The Court also finds that defense counsel's conduct did

not violate Rule 30. Therefore, the Court denies Mr. Jones' motion for sanctions.[1]

Federal Rule of Civil Procedure 30 governs depositions. Pursuant to Rule 30, the Court

may impose sanctions "on a person who impedes, delays, or frustrates the fair examination of the

deponent." FED. R. CIV. P. 30(d)(2). Under Rule 30(d)(3)(A), a deponent or a party may move

to terminate or limit a deposition at any time during a deposition "on the ground that it is being

---

[1] Mr. Jones failed to comply with this District's local rule that requires a movant to determine
whether a motion is opposed. D.N.M.LR-Civ. 7.1(a). Although the Court could have summarily
denied Mr. Jones' motion on this basis, the motion was otherwise without merit. Mr. Jones is
cautioned, however, that regardless of his impression of Mr. Hoses' lack of willingness to meet
with him, a party must—whether they are represented by counsel or not—comply with the local
rules, and failure to do so in the future may result in the Court summarily denying a motion.

conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3)(A).  Under this rule, the objecting deponent or party can demand that the deposition be suspended for the time necessary to obtain a protective order. *Id.*  "**At any time during a deposition**, a deponent or a party may more to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonable annoys, embarrasses, or oppresses the deponent or party." *Id.* (emphasis added).  When a deposition is taken in bad faith, the remedy available under FED. R. CIV. P. 30(d)(3)(B) is to "order that the deposition be terminated or . . . limit its scope and manner as provided in Rule 26(c)," and to award expenses and attorney fees under FED. R. CIV. P. 37(a)(5).  Rule 26(c)(1) authorizes me, among other things, to forbid the discovery, forbid the inquiry into certain matters, or limit the scope of discovery.

In his motion, Mr. Jones alleges that defense counsel, Assistant United States Attorney Michael Hoses, violated Rule 30 while depositing him on June 20, 2016.  Mr. Jones alleges that Mr. Hoses engaged in abusive misconduct by repeatedly accusing him of not telling the truth, by demeaning and threatening him, by using a "scowl of contempt" and "exasperated tone of voice," and by pointing his finger at him throughout the day.  Doc. 48 at 3–4, 10–11.  Mr. Jones also complains that Mr. Hoses refused to shake hands at the end of the day.  *Id.* at 12.[2]

Mr. Jones does not specifically request any of the remedies authorized under the Federal Rules.  Mr. Jones did not suspend the deposition to seek a protective order during the deposition. To the extent Mr. Jones seeks protection from the concluded deposition, his motion is moot.  Mr. Jones contends that the deposition has not been concluded because the parties agreed to

---

[2] Mr. Jones quotes portions of the deposition in his motion but does not provide copies of the relevant portions of the deposition transcript.  Doc. 48, at 3–5, 6, 8–9, 21.  Defendant does not object to the accuracy of the quoted portions of the deposition.  The Court therefore will accept Mr. Jones' quotations as accurate.

reconvene.  Doc. 56 at 3.  The Court, however, granted summary judgment in favor of defendant.

Docs. 69, 70.  Mr. Jones, therefore, will not be subject to a further deposition.

Nonetheless, "a court has the inherent authority to sanction bad-faith conduct in

litigation." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 612 (D.N.M. 2012).  The Court's inherent

authority to sanction bad faith conduct is always present, "even when that conduct could also be

sanctioned by the Federal Rules of Civil Procedure or a statute."  *Id.*  The Court recognizes that

Mr. Jones felt that Mr. Hoses was demeaning, disrespectful, and rude during the course of his

deposition.  However, Mr. Hoses' conduct during Mr. Jones' deposition does not rise to the level

of bad-faith conduct.

> During depositions lawyers must conduct themselves as professionals and
> may not act in a hostile or abusive manner toward the witness or opposing
> counsel.  This is not to say that lawyers cannot be aggressive or forceful during
> depositions.  Depositions are still a part of the adversarial process, and lawyers
> may act with appropriate adversarial zeal while taking or defending depositions.
> But adversarial zeal has limits and is not a license to act in ways that deny fair
> process to others.  The best guidance comes from the Advisory Committee Notes
> to the 1993 amendments to Rule 30, which state: "In general, counsel should not
> engage in any conduct during a deposition that would not be allowed in the
> presence of a judicial officer."

FED. R. CIV. P. 30, Practice Commentary (quoting FED. R. CIV. P. 30(d) (citing advisory

committee notes (1993)).  Mr. Hoses admits that he was impatient with Mr. Jones' lack of

preparedness.  Doc. 48 at 5.  However, Mr. Hoses did not make any statements that would not be

allowed in the presence of a judicial officer.  There are no allegations that Mr. Hoses raised his

voice, used obscenities, physically threated Mr. Jones, or otherwise acted in such a way that

would deny Mr. Jones due process.

In support of his motion, Mr. Jones cites two cases:  *Cadlerock Joint Venture, L.P. v. Sol

Greenberg & Sons Int'l, Inc.*, 94 A.D.3d 580 (2012), and *Hallam v. Johnson*, No. D054852,

2009 WL 4810694 (Cal. Ct. App. Dec. 15, 2009).  Doc. 48 at 16–17.  In both cases, an attorney

was sanctioned for abusive behavior during depositions.  In *Cadlerock*, the defendants' counsel "repeatedly interrupted the questioning and made improper objections and lengthy speeches that had no merit. He also improperly interrupted the witness's answers and conferred with the witness (his client) mid-answer.  He insulted plaintiff's counsel, the judge and her clerk, and even the court reporter, who was eventually compelled to leave the deposition due to the abuse of defendants' counsel." *Cadlerock*, 94 A.D.3d at 498.  In *Hallam*, the defense attorney posed improper objections, made excessive objections, improperly attempted to limit the scope of the depositions, demanded offers of proof as to certain lines of questioning, coached his witnesses, and made speaking objections.  *Hallam*, 2009 WL 4810694, at *2.  These cases do not help Mr. Jones.

First, the cases cited by Mr. Jones are from state courts outside of this jurisdiction. Consequently, neither case is binding on this Court.  Second, Mr. Hoses' behavior during Mr. Jones' deposition does not rise to the level of the egregious behavior displayed by the attorneys in *Cadlerock* and *Hallam*.  The court finds that Mr. Jones has failed to show that Mr. Hoses conducted his deposition in bad faith or in such manner as to unreasonably annoy, embarrass or oppress him.

IT IS THEREFORE ORDERED that plaintiff John Paul Jones III's motion for an order of protection is DENIED as moot.

IT IS FURTHER ORDERED that and Mr. Jones' request for sanctions (Doc. 48) is DENIED.

LAURA FASHING
United States Magistrate Judge