IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

        Plaintiff,

vs.                                                                             1:15cv00594-JAP-LF

SYLVIA MATTHEWS BURWELL,
Secretary, Department of Health
and Human Services,

        Defendant.

## **ORDER**

THIS MATTER comes before the Court on pro se plaintiff John Paul Jones, III's letters dated May 29, 2017 (Doc. 77) and June 3, 2017 (Doc. 78). These letters were not addressed to the opposing party in this case and it appears Mr. Jones did not provide a copy of the letters to defendant. As such, the letters constitute improper *ex parte* communications.

"Attorneys and pro se parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party." *Acheff v. Lazare*, 2013 WL 12129277, at *1 (D.N.M. Oct. 18, 2013) (quoting *Martinez-Jones v. Dulce Indep. Sch.*, 2008 U.S. Dist. LEXIS 42320, at *12 (D.N.M. March 5, 2008)). Mr. Jones' pro se status does not provide an exception to this rule or excuse him from following the same rules of procedure as any other litigant. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (noting that the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants") (internal quotation marks omitted).

In his letter dated June 3, 2017, Mr. Jones requests a meeting with the Court to "make a real credibility determination in regard to [Mr. Hoses'] behavior . . . ." Doc. 78 at 9. The Court construes this as a request for a hearing and will deny the request. The Court granted summary judgment in favor of defendant on all of Mr. Jones' claims and dismissed this lawsuit. Doc. 70. The Court further denied Mr. Jones' motion for sanctions against Mr. Hoses. Doc. 71. Mr. Jones has appealed this case to the Tenth Circuit (Doc. 72), and this Court no longer has jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982); *see, also United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). This Court lacks jurisdiction to proceed and does not have the ability to grant Mr. Jones any relief.

IT IS THEREFORE ORDERED that Mr. Jones' request for a hearing is DENIED.

The Court notifies Mr. Jones that any future *ex parte* communications from him may result in sanctions.

*[signature]*
Laura Fashing
United States Magistrate Judge